IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SHERMAN GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:05CV00098 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| JOHN ASHCROFT, ANNA MILLS | ) | |
| WAGONER, and DEPARTMENT | ) | |
| OF VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OPINION

TILLEY, Chief Judge

This suit arises from a dispute between Plaintiff Sherman Garner ("Mr. Garner") and Defendants regarding an incident that took place in the dining hall of the W. G. Hefner Salisbury Veterans Affairs Medical Center ("VAMC") in May of 2002. This case is before the Court on (1) Defendants' Partial Motion to Dismiss [Doc. #10], and (2) Defendants' Motion to Strike Jury Demand [Doc. #8]. For the reasons set forth below, Defendants' Motions will be GRANTED.

I.

The facts in the light most favorable to the Plaintiff are as follows: Mr. Garner was a patient at the VAMC in Salisbury, North Carolina. On May 23, 2002,[1] Mr. Garner was in the dining room when another patient threw a drinking

---

[1] Defendants' Motion to Dismiss states that the date of the incident was May 21, 2002.

glass at him injuring him above the right eye. Mr. Garner claims that the staff of the VMAC left the dining room for five minutes, during which time this injury occurred.

On March 3, 2003, Mr. Garner filed an Administrative Claim with the Department of Veterans Affairs ("VA"). On July 28, 2004, the VA issued a final denial of Mr. Garner's claim. On February 3, 2005, Mr. Garner filed a Complaint and jury demand in the Middle District of North Carolina alleging a violation of the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80, [Doc. # 3].[2] Mr. Garner named the following defendants in his claim: (1) the United State of America; (2) John Ashcroft, the United States Attorney General; (3) Anna Mills Wagoner, the United States Attorney for the Middle District of North Carolina; and (4) the Department of Veterans Affairs. On April 8, 2005, Defendants filed a Motion to Dismiss Plaintiff's claims against Defendants Anna Mills Wagoner, John Ashcroft and the Department of Veteran's Affairs [Doc. #10],[3] and a Motion to Strike Jury Demand

---

[2] Although Mr. Garner's Complaint was filed on February 3, 2005, Mr. Garner completed an application and affidavit to proceed *in forma pauperis* ("IFP") on January 21, 2005. Mr. Garner's Complaint was received with the IFP application on that date. The IFP application was approved by Magistrate Judge Wallace W. Dixon on February 3, 2005 and the Complaint filed thereafter.

[3] Although Defendants' original Motion to Dismiss also requested dismissal because Mr. Garner's claim was barred by the statute of limitations applicable to claims under the Federal Tort Claims Act, that request was withdrawn in Defendants' Motion to Withdraw filed on February 24, 2006 [Doc. #18].

2

[Doc. # 8]. On April 22, 2005, Mr. Garner[4] responded to both of Defendants' motions [Docs. #14 & 16].

II.

Defendants move to dismiss Mr. Garner's claim against Anna Mills Wagoner, John Ashcroft and the Department of Veteran's Affairs because they are improper parties to this action. Indeed, under the FTCA, the exclusive proper defendant is the United States. 28 U.S.C. §§ 1346(b) & 2679(a); Metz v. U.S. Postal Service, 1988 WL 1076, at *1 (4th Cir. Jan. 4, 1988); see also Iodice v. United States, 289 F.3d 270, 273 n.1 (4th Cir. 2002) ("Although each [plaintiff] also named the Department of Veterans Affairs as a defendant. . . the United States is the only proper defendant."); Cole v. Principi, 2004 WL 878259, at *2 (M.D.N.C. April 4, 2004) (dismissing claim against the secretary of the Department of Veterans Affairs because the United States is the exclusive proper defendant in a FTCA action); Baird v. Haith, 724 F. Supp. 367, 377 (D. Md. 1998) (same). Because Mr. Garner's complaint alleges no other grounds outside of the FTCA, Anna Mills Wagoner, John Ashcroft and the Department of Veteran's Affairs will be dismissed as defendants. The United States will therefore remain as the sole defendant in this case.

III.

Defendants also move to strike Mr. Garner's demand for a trial by jury. Title

---

[4] Mr. Garner is proceeding *pro se.*

28 United States Code § 2402 provides "any action against the United States under section 1346 shall be tried by the court without a jury. . . ." 28 U.S.C. § 2402. It is well-established that trial by jury is unavailable in actions brought pursuant to the FTCA. <u>See e.g.</u>, <u>Carlson v. Green</u>, 446 U.S. 14, 15, 100 S. Ct. 1468, 1470 (1980); <u>Gutierrez de Martinez v. Drug Enforcement Admin.</u>, 111 F.3d 1148, 1153 (4th Cir. 1997); <u>Lee v. United States</u>, 171 F. Supp. 2d 566, 575 n.6 (M.D.N.C. 2001) (explaining that regardless of state law, a plaintiff seeking relief under the FTCA is not entitled to a jury trial). Thus, Defendants' motion to strike Mr. Garner's jury demand will be granted.

V.

For the foregoing reasons, Defendants' Motion to Dismiss Mr. Garner's claims against Anna Mills Wagoner, John Ashcroft, and the Department of Veterans Affairs [Doc. # 10] will be GRANTED and the United States will remain as the only defendant in this case.

Additionally, Defendants' Motion to Strike Mr. Garner's jury demand [Doc. #8] will be GRANTED.

This the day of March 2, 2006

    /s/ N. Carlton Tilley, Jr.
United States District Judge

4

Case 1:05-cv-00098-NCT   Document 19   Filed 03/02/06   Page 4 of 4